IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50956
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE ROBERTO ORTIZ-HERNANDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-500-ALL
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Jose Roberto Ortiz-Hernandez appeals the 46-month term of

imprisonment imposed following his guilty plea conviction of

being found in the United States after deportation in violation

of 8 U.S.C. § 1326.  Ortiz-Hernandez complains that his sentence

was improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based

on his prior deportation following an aggravated felony

conviction.  Ortiz-Hernandez argues that the sentencing provision

violates the Due Process Clause because it permitted the

sentencing judge to find, under a preponderance of the evidence

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

standard, a fact which increased the statutory maximum sentence to which he otherwise would have been exposed. Ortiz-Hernandez thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

Pursuant to a written plea agreement, Ortiz-Hernandez waived the right to appeal his sentence. Ortiz-Hernandez does not challenge the validity of the waiver provision, and we are satisfied that the waiver of appeal was voluntarily, knowingly, and intelligently made. Ortiz-Hernandez's argument that his waiver should not be enforced due to public policy concerns is without merit. Therefore, to the extent Ortiz-Hernandez's argument challenges his sentence, the appeal is DISMISSED.

To the extent Ortiz-Hernandez's argument may be construed as challenging the validity of his conviction, it is not waived. However, Ortiz-Hernandez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). He seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). Accordingly, the judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required. The motion is GRANTED.

DISMISSED IN PART; AFFIRMED IN PART; MOTION GRANTED.